# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VALENTINO AMARO** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **WENTWORTH D. VEDDER, et al** | : | NO.  08-3368 |

### MEMORANDUM AND ORDER

Plaintiff Valentino Amaro, a prisoner at SCI Cresson, seeks to bring a civil action <u>in forma pauperis</u>,[1] without prepayment of fees or security therefor, asserting claims pursuant to 42 U.S.C. § 1983.  The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) (the "Act"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal <u>in forma pauperis</u>.

Under the Act, a prisoner bringing a civil action <u>in forma pauperis</u> must pay the full amount of the $350 filing fee.  28 U.S.C. § 1915(b)(1).  The prisoner must submit a certified copy of his inmate trust fund account statement for the 6-month period immediately preceding the filing of his complaint so the Court can determine how the $350 filing fee will be paid.  28 U.S.C. § 1915(a)(2).  The prisoner must obtain this statement from the appropriate official of each facility at which he was or is confined during the 6-month period.  <u>Id</u>.  The Court must then "assess [the prisoner's financial status] and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of - - (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the

---

[1]Suits brought <u>in forma pauperis</u> are governed by 28 U.S.C. § 1915.

prisoner's account for the 6-month period immediately preceding the filing of the complaint. . . ."

Based upon Mr. Amaro's financial statement, he will not be assessed an initial partial filing fee.  The Superintendent or other appropriate official at SCI Cresson or at any prison at which Mr. Amaro may be incarcerated will be directed to deduct from Mr. Amaro's prison account - - each time that the balance in his inmate trust account exceeds $10 - - an amount no greater than 20 percent of the money credited to plaintiff's account during the preceding month and forward that amount to the Clerk of Court until the filing fee is paid.

Plaintiff Amaro may not have known when he commenced this action that he must pay the filing fee.  He may also be unaware that even if the full filing fee (or any part of it) has been paid, the Court must dismiss the case if the Court finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  If the Court dismisses the case for any of these reasons, the Act does not permit the prisoner to get his filing fee back.

The Court will give Plaintiff Amaro twenty (20) days from the date of this Order to decide whether he wants to proceed with this case.  If by that time, Mr. Amaro decides not to proceed with the case, he need not pay the $350 filing fee.

Therefore, it is, this 24th  day of July, 2008, hereby **ORDERED** that:

1. The Petition to proceed in forma pauperis (Docket No. 1) is **DENIED WITHOUT PREJUDICE** to its reassertion in accordance with the terms of this Order;

2. If Plaintiff Amaro files with the Court within twenty (20) days from the date of

2

this Order a notice that he wishes to proceed with this action and thereby obligate himself to pay the $350 filing fee, this action will be reinstated; and

3.    The Clerk of Court shall **CLOSE** this case for all purposes, including statistics.


BY THE COURT:



S/Gene E.K. Pratter
Gene E.K. Pratter
*United States District Judge*

3